ROBERT J. O'CONNOR, Esq.
DAVID G. BANES, Esq.
GEORGE L. HASSELBACK, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

F I L E D
Clerk
District Court

JAN 31 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Attorneys for Plaintiffs Roberto M. Faustino and Estrellita T. Faustino

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROBERTO M. FAUSTINO, and ESTRELLITA T. FAUSTINO<br><br>Plaintiffs,<br>vs.<br><br>CARLISLE FOOD SERVICE PRODUCTS CO., and AUNTIE MAG'S FOOD & CATERING SERVICES, INC.<br><br>Defendants. | CIVIL ACTION NO. 07-0006<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

**JURISDICTION AND VENUE**

1. Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. §1332 (diversity of citizenship).

2. The parties hereto are of complete diverse citizenship.

3. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. Personal jurisdiction is vested in this Court pursuant to 7 C.M.C. §1102 (5) (CNMI long-arm statute) because the tortious injury, giving rise to Plaintiff's causes of action occurred

1

within the Commonwealth of the Northern Mariana Islands (CNMI).

5. Because the CNMI is the venue in which Plaintiff Roberto resided at the time of the accident as well as the place where the tortious injury occurred, and because the Defendants are subject to personal jurisdiction therein, venue is properly placed in the CNMI pursuant to 28 U.S.C. §1391.

**PARTIES**

6. Plaintiff ROBERTO M. FAUSTINO ("Roberto") is a citizen of the Republic of the Philippines and at the time of the filing of this suit is residing there as well.

7. Plaintiff ESTRELLITA T. FAUSTINO ("Estrellita") is a citizen and resident of the Republic of the Philippines and is the wife of Roberto.

8. Defendant CARLISLE FOOD SERVICE PRODUCTS CO. ("Defendant Carlisle"), is a corporation organized and existing under the laws of the United States of America, with its principal place of business on information and belief located at Oklahoma City, Oklahoma, USA and all times the manufacturer, designer, and seller of the relevant cart at issue here and engaged in the business of marketing, selling, and distributing the cart to Plaintiff's former employer, Defendant Auntie Mag's.

9. Defendant AUNTIE MAG'S FOOD & CATERING SERVICES, INC. ("Defendant Auntie Mag's"), is a corporation organized and existing under the laws of the CNMI, with its principal place of business located on Saipan, CNMI and all relevant times the employer of Roberto Faustino.

**FACTS**

10. On or about February 3, 2005, Plaintiff Roberto was working for Auntie Mag's, delivering food products to Garapan Elementary School.

11. Plaintiff Roberto was delivering food products to the cafeteria, using a cart used to transport food and food products which was designed, manufactured, marketed, sold, and distributed by Defendant Carlisle (the "cart" or the "Carlisle cart"). At all relevant times, Roberto was using due care and acting in the scope of his employment.

12. While pulling the Carlisle cart into the cafeteria doorway, the cart became unstable and caused Roberto to lose his balance and fall down and the Carlisle cart fell on top of him.

13. Plaintiff immediately reported to the Commonwealth Health Center ("CHC") as he felt pain on his back and was unable to move his legs.

14. There he was examined by an orthopedic surgeon on February 4, 2005, who concluded Roberto's injury was a L1 burst fracture with L2 level of dysfunction and paraplegia. Plaintiff was sent by emergency medical referral to the Philippines for emergency medical treatment.

15. In the Philippines, a medical examination of Roberto's injuries revealed total paralysis of his ankle and foot muscles and knee flexors as well as lower extremity deep tendon reflexes. Plaintiff also suffered urinary bladder incontinence.

16. On February 14, 2005, Plaintiff underwent surgery with anterior decompression and instrumented spinal fusion of T12-L2 vertebrae with titanium cage and bone graft.

17. While the surgery helped him, his doctors have determined that Plaintiff Roberto is permanently disabled and because of his injuries, is unemployed. Plaintiff is now able to ambulate mainly only by wheelchair.

18. Roberto submitted a Workman's Compensation claim through his employer Auntie Mag's. Additionally, on July 24, 2005 and again on August 19, 2005 counsel for Plaintiff (Smith and Williams) contacted Auntie Mag's about the incident and the Carlisle cart and informed Auntie Mag's that counsel was exploring the possibility of suing Defendant Carlisle

because the cart was unreasonably dangerous. Auntie Mag's cooperated somewhat with Plaintiff Roberto's investigation and was put on notice of potential litigation involving the cart. Later, present counsel for Plaintiffs contacted Auntie Mag's about inspecting the cart. However, Auntie Mag's informed counsel that they had disposed of the cart and no idea what happened to it.

## FIRST CAUSE OF ACTION

### (Strict Products Liability)

19. Plaintiffs hereby incorporate paragraphs 1 through 18 as if fully stated herein.

20. At all times mentioned in this Complaint, Defendant Carlisle was engaged in the business of manufacturing, designing, distributing and selling service related food products including carts used for delivering food products.

21. Defendant, as the designer, manufacturer and distributor of food service items intended for use in delivery of food products, owed a duty to those who used its products, including Plaintiff, to use due care in the manufacture and design of its products to ensure that they were safe and otherwise fit for human usage and their intended purposes.

22. Some time prior to February 3, 2005, Defendant designed, manufactured and through its agents distributed and sold to Auntie Mag's the Carlisle cart for use by the general public including Plaintiff Roberto.

23. At the time that the cart toppled over, it was in the same condition it was in when Defendant distributed and sold it to Auntie Mag's and Plaintiff Roberto was using the Carlisle cart for its intended use and purposes.

24. At the time that the cart toppled over, it was unfit for its intended use and

unreasonably dangerous to the user such as Plaintiff Roberto and Roberto was not aware of its dangerous condition.

25. Instead Roberto relied on the duty of Defendant Carlisle to place the Carlisle cart on the market in a condition fit for use for the purpose and in the manner as advertised and marketed by Defendant Carlisle.

26. As a direct and proximate result of the dangerous and unfit condition of the Carlisle cart, Plaintiff Roberto suffered physical pain, paralysis, mental trauma, loss of sleep, and loss of enjoyment of life, has become disabled, unemployed and unemployable, lost wages, incurred expenses, and has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Negligence)

27. Plaintiffs hereby incorporate paragraphs 1 through 18 and 20 through 26 as if fully stated herein.

28. Defendant Carlisle, as the manufacturer, designer and distributor of the cart owed a duty to those who handled and/or used the cart, including Plaintiff, to use due care in the manufacture and design of its products to ensure that it was safe to be used in the manner intended and otherwise fit for normal use.

29. Defendant, in breach of its duty described above, negligently and carelessly manufactured and designed the cart in that it was defective and unreasonably dangerous and unsafe.

30. The severe and permanent injuries sustained by Plaintiffs were the direct and proximate result of the carelessness and negligence of Defendant Carlisle, as follows:

    a) Defendant Carlisle negligently marketed, sold, and distributed the Carlisle

cart.

b) Defendant negligently failed to warn, to instruct, or to adequately warn or instruct, of the dangerous properties and design of the cart and the safe and proper method of using the cart.

c) Defendant negligently failed to equip the Carlisle cart with guards or safety or other prophylactic devices or take reasonable safety precautions to prevent injury to persons such as Plaintiff.

d) Defendant negligently disposed of the cart and placed it in the channels of trade, when it knew or with reasonable care should have known that the cart was in a dangerous and defective condition, and negligently placed the cart in the channels of trade, in a manner which Defendant foresaw, or in the exercise of reasonable care should have foreseen, would likely cause the Carlisle cart to come into contact with persons such as Plaintiff, who was ignorant of its dangers and defective nature and condition. Carlisle negligently failed to use reasonable care to prevent injury to such persons, including Roberto.

e) Defendant Carlisle marketed the cart which was in a defective condition and dangerous and defective in design, by reason of which the Carlisle cart was unreasonably dangerous to a user of it. The cart was defective and dangerous at the time Roberto was injured. Its defective and dangerous condition proximately caused Plaintiff's injuries, while it was being used for its ordinary intended purpose and in an ordinary intended and foreseeable manner. The injuries suffered by Roberto were the direct and proximate result of the marketing and sale by Defendant of the defective and

unreasonably dangerous cart.

31. As a direct and proximate result of Defendant's negligence and carelessness the negligence and carelessness as described above, Plaintiff was injured, suffered pain, paralysis, mental trauma, loss of sleep, and loss of enjoyment of life, has become disabled, unemployed and unemployable, lost wages, incurred expenses, and has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

32. Plaintiffs hereby incorporate paragraphs 1 through 18, 20 through 26, and 28 through 31 as if fully stated herein.

33. Defendant, as the designer, manufacturer and distributor of food service items intended for use in delivery of food products, owed a duty to those who used its products, including Plaintiff, to use due care in the manufacture and design of its products to ensure that they were safe and otherwise fit for human usage.

34. Carlisle, in breach of the duties described above, negligently and carelessly manufactured and designed the cart which was defective and unreasonably dangerous.

35. As a direct and proximate result of Defendant Carlisle's negligence and carelessness as described above, Plaintiff Roberto was injured, suffered pain, paralysis, mental trauma, loss of sleep, and loss of enjoyment of life, has become disabled, unemployed and unemployable, lost wages, incurred expenses, and has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (Breach of Implied Warranty)

36. Plaintiffs hereby incorporate Paragraphs 1 through 18, 20 through 26, 28 through 31, and 33 through 35 as if fully stated herein.

37. At the time that Plaintiff was delivering food products from Auntie Mag's, Defendant Carlisle warranted to Plaintiff Roberto that the cart was safe, and fit for its intended usage and purposes.

38. Plaintiff relied on the warranty described above.

39. At the time Plaintiff delivered the food products on February 2005, the cart was not fit for its intended use as it was defective, dangerous, unfit for its intended usage and purposes in that it became unstable and toppled over.

40. As a direct and proximate result of the dangerous and unreasonable condition of the cart and Defendant Carlisle's breach of warranty, Plaintiff was injured, suffered pain, paralysis, mental trauma, loss of sleep, and loss of enjoyment of life, has become disabled, unemployed and unemployable, lost wages, incurred expenses, and has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (Violation of Consumer Protection Act)

41. Plaintiffs hereby incorporate paragraphs 1 through 18, 20 through 26, 28 through 31, 33 through 35, and 37 through 40 as if fully stated herein.

42. At all times mentioned in this Complaint, Defendant Carlisle was a merchant

conducting trade and commerce in the CNMI.

43. Some time prior to February 3, 2005, Defendant Carlisle designed, manufactured, distributed and sold the cart to Auntie Mag's.

44. In so doing, Defendant Carlisle necessarily represented that the cart was reasonably safe for human usage.

45. Additionally, Defendant Carlisle necessarily and through advertising including catalogues represented that the cart was of a particular standard, quality, or grade.

46. At the time the car fell over, it was defective, and unfit for human usage in that became unstable and fell over while being used for its intended purpose.

47. Defendant Carlisle's representations violated 4 CMC §§ 5105(n) & (g) of the CNMI Consumer Protection Act in that a) it engaged in an act which is unfair or deceptive to the consumer; b) that it represented that its product was fit for human usage; c) that it introduced into commerce a Carlisle cart which Carlisle knew or should have known was unsafe or which the Defendant Carlisle knew may cause an unsafe condition in normal use.

48. As a direct and proximate result of Defendants Carlisle's violation of the CNMI Consumer Protection Act, Plaintiff was injured, suffered pain, paralysis, mental trauma, loss of sleep, and loss of enjoyment of life, has become disabled, unemployed and unemployable, lost wages, incurred expenses, and has been damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

**(Loss of Consortium)**

49. Plaintiffs hereby incorporate paragraphs 1 through 18, 20 through 26, 28 through 31, 33 through 35, 37 through 40, and 42 through 48 as if fully stated herein.

50. As a direct and proximate result of the above-described injuries suffered and

sustained by her husband Roberto, Estrellita has been deprived of the care, companionship, aid, society and services of her husband.

51. Consequently, Mrs. Faustino has suffered a loss in her comfort, happiness and enjoyment and quality of life all to Mrs. Faustino's damage in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### (Spoliation of Evidence)

52. Plaintiffs hereby incorporate Paragraphs 1 to 18 as if fully stated herein.

53. Defendant Auntie Mag's was informed of and knew of the accident involving its employee Roberto and allegations that the cart was unsafe through Roberto's Workman's Compensation claim and by written notice by Roberto's former counsel.

54. Knowing such, Defendant Auntie Mag's had a duty to preserve the Carlisle cart.

55. Defendant Auntie Mag's breached that duty by disposing of the Carlisle cart.

56. By disposing of the cart, Defendant Auntie Mag's acted intentionally or with reckless disregard of harm to Plaintiffs.

57. Such spoliation of evidence has disrupted and harmed the Plaintiffs' case against Defendant Carlisle as Plaintiffs can no longer have the cart tested or used as evidence against Defendant Carlisle.

58. Defendant's Auntie Mag's actions have presumably caused damage to Plaintiffs in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against the Defendants as follows:

1. Judgment against Defendant Carlisle Food Service Products Co. and Auntie Mag's Food Catering Service Inc., jointly and severally for Plaintiffs in the amount of $1,000,000.00 for past and future medical expenses, paralysis, past and future impairment of the ability to enjoy life and earning capacity, inability to continue with recreational interests, mental anguish, physical suffering and statutory damages and where applicable, pre-judgment interest;

2. As to Auntie Mag's Food Catering Service, Inc., punitive and exemplary damages in an amount to be proven at trial.

3. Cost of this action and attorney's fees; and

4. Such other and further relief as the Court deems proper.

Dated: January _____, 2007.

Respectfully submitted,

O'CONNOR BERMAN DOTTS & BANES

Attorneys for Plaintiff Faustino

By: /s/ _____

ROBERT O'CONNOR

## JURY DEMAND

Please take notice that, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in the above-entitled action.

DATED this ____ day of January, 2007.

/s/ 

ROBERT O'CONNOR

K:\David Banes\3331-01 Faustino\Pleadings\3331-01-070125-PL-Complaint-epv.doc